UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JEFFREY A. ROBERTS, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 4:13-cv-01195-JCH |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jeffrey A. Roberts's amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Motion, ECF No. 55.) Because this Court has determined that Roberts's claims are inadequate on their face and that the record affirmatively refutes the factual assertions upon which his claims are based, this Court decides this matter without an evidentiary hearing.

## BACKGROUND

In November 2011, Roberts was charged in a superseding indictment with two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), and with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 20 (No. 4:11-cr-00405-JCH-1).) In March 2012, Roberts pled guilty to all three counts pursuant to a written plea agreement. (Plea Agreement, ECF No. 33 (No. 4:11-cr-00405-JCH-1).)

In the Plea Agreement, the parties stipulated to the following facts, and agreed that the Government "would prove these facts beyond a reasonable doubt if the case were to go to trial." In 2010, Roberts interacted with two minors over the Internet. On separate occasions, he directed each minor to stream live videos of themselves over the Internet while they engaged in

1

sexually-explicit conduct. He then recorded the videos on his computer. The identity of one of the minors was unknown. Upon execution of a search warrant, law enforcement discovered hard drives and devices in Roberts's possession that contained additional images and videos of child pornography. (Plea Agreement ¶ 4.)

The Plea Agreement further indicated the following. Roberts "fully underst[ood]" that for production of child pornography he faced up to 30 years in prison, and a statutory minimum of 15 years, and that for possession of child pornography he faced up to 10 years in prison. Roberts was "fully satisfied with the representation received from defense counsel," and counsel had "completely and satisfactorily explored all areas which [Roberts] had requested relative to the government's case and any defenses." Roberts had not been "threatened or coerced" into pleading guilty, but instead had entered into the Plea Agreement on his "own free will," and he was "in fact, guilty." *Id.* ¶¶ 5, 9-10.

At the change-of-plea hearing, Roberts confirmed, under oath, that he had had an opportunity to "review and discuss" with defense counsel the charges against him and the contents of the Plea Agreement, and that he was "satisfied with the representation [he had] received." (Plea Transcript, ECF No. 58 at 4-5 (No. 4:11-cr-00405-JCH-1).) He further confirmed that he was "in agreement with everything contained in [the Plea Agreement]," that there was nothing "with which [he] disagree[d]," and that he did "in fact, commit [the] acts" described therein. *Id.* at 5-6, 19. In addition, he confirmed that no one had "made any promises or assurances" to him outside the scope of the Plea Agreement, that he was pleading guilty "of [his] own free will," and that he understood that by pleading guilty he waived his right to trial. *Id.* at 6, 11. Also at the plea hearing, the Court discussed the maximum possible penalties Roberts faced for each count; specifically, the Court informed Roberts that "the maximum

possible penalty under law for each [production count] [was] imprisonment of not more than 30 years," and that "with respect to [the possession count] the maximum possible penalty under law [was] imprisonment of not more than ten years." Roberts confirmed that he understood the penalties he faced. *Id.* at 6-7.

In June 2012, the Court sentenced Roberts to 240 months in prison on each production count, and to 120 months in prison on the possession count. The Court ordered the sentences to run concurrently. (ECF No. 53 (No. 4:11-cr-00405-JCH-1).) In June 2013, Roberts filed his original section 2255 motion. (ECF No. 1.) On March 9, 2015, he filed an amended motion (hereinafter, "Motion"). (ECF No. 55.) As the Court construes the Motion, Roberts asserts that he received ineffective assistance of counsel during plea negotiations based on the following five grounds:

(1) Counsel did not inform him of exculpatory evidence in counsel's possession;

(2) Counsel did not communicate to the Government or to the Court his desire to go to trial;

(3) Counsel misadvised him of the potential sentence he would have faced had he gone to trial;

(4) Counsel did not properly investigate the charges against him, and misadvised him to plead guilty to all the charges; and

(5) Counsel did not hire an expert witness.

*Id.* at 8-13. Roberts argues that, in view of counsel's conduct, his guilty plea was not knowing or voluntary. *Id.* at 9.

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to section 2255, a federal prisoner may seek habeas relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under section 2255, the error of which the movant complains must amount to a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346-47 (1974).

The Court must hold an evidentiary hearing to consider claims raised in a section 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255)). The Court may dismiss a section 2255 claim without an evidentiary hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.*

## DISCUSSION

The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). However, a section 2255 petitioner asserting ineffective assistance of counsel "faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on such a claim, the petitioner must first show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The petitioner must then establish prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In determining whether counsel's conduct was objectively reasonable, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, a petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

"In order to demonstrate prejudice, where as here, a petitioner challenges the validity of his guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (internal quotation and citations omitted); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## A. Ground 1

In Ground 1 of his Motion, Roberts asserts that he was denied effective assistance of counsel, in that counsel did not inform him of exculpatory evidence in counsel's possession. Specifically, he alleges the following. He told counsel that one of the victims "had been producing sexually explicit videos long before he stumbled across her on the internet and that he didn't coerce [her] to do anything," but "that he did not want to embarrass [her] or her family in open court and therefore would probably not go to trial." (Motion at 9.) However, "[c]ounsel was in possession of exculpatory evidence that [counsel] never shared with [him]," which "would have removed his need for [the victim] to testify." The evidence consisted of two police reports and a probable cause statement, which demonstrated, in effect, that the victim had self-produced and distributed videos before he met her online, and which—according to Roberts—

5

"aligned precisely with [his]…objections to the [production] charge," and would have shown that he did not "coerce her to do anything." *Id.* at 9-10.

Roberts's claim is difficult to discern. It unclear to the Court how evidence related to the minor's alleged prior conduct and predisposition would have aided Roberts in his defense. *See Hill*, 474 U.S. at 59 ("In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial" and "will depend in large part on a prediction whether the evidence likely would have changed the outcome of trial"); *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (post-conviction relief will not be granted on claim of ineffective assistance of trial counsel unless petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense); *see also* Fed. R. Evid. 412(a) (in general, in criminal proceeding involving alleged sexual misconduct, evidence offered to prove victim engaged in other sexual behavior or victim's sexual predisposition is inadmissible).

Furthermore, the Court questioned Roberts extensively regarding his decision to plead guilty, and Roberts's testimony at the plea hearing shows that he was satisfied with counsel's representation, that he committed the offense at issue, and that he knowingly and voluntarily pled guilty. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (representations made during plea hearing carry strong presumption of verity and pose formidable barrier in any subsequent collateral proceedings). At no point during the hearing did Roberts object to the production count that he now appears to challenge. Thus, Roberts has failed to demonstrate that the results of the plea proceedings would have been different absent counsel's alleged error.

**B. Ground 2**

In Ground 2 of his Motion, Roberts asserts that he was denied effective assistance of counsel, in that, during plea negotiations, counsel did not communicate to the Government or to the Court his desire to go to trial. Roberts alleges that he told counsel:

> [I]f his Government really wanted to ban him from the only tools of livelihood he's known for the last thirty years, mark him for [l]ife as a Sex Offender, incarcerate him past his productive years, and then give him back to his family for them to suffer the burden of his end-of-life health care costs, th[en] he would rather his Government keep him for life.

(Motion at 10.)

During the plea hearing, Roberts never voiced his desire to go to trial, nor did he indicate that counsel had failed to communicate his desire to go to trial to the Government or to the Court. Instead, as discussed above, Roberts's own testimony at the plea hearing demonstrates that he was satisfied with counsel's representation, that he knowingly and voluntarily pled guilty, and that he understood that by pleading guilty he waived his right to trial. *See Nguyen*, 114 F.3d at 703. Moreover, to the extent Roberts contends that he should have received a life sentence instead of 240 months in prison, this is not the type of prejudice contemplated by *Strickland* and its progeny.

**C. Ground 3**

In Ground 3 of his Motion, Roberts asserts that he was denied effective assistance of counsel, in that counsel misadvised him of the potential sentence he would have faced had he gone to trial. Specifically, Roberts alleges that he was "under the impression that if he had gone to trial and lost that he would get the tabulated [l]ife sentence which might require that he go to a [United States Penitentiary] which would be especially dangerous for him." (Motion at 11.) "[A]s he understands it now, with a statutory maximum sentence of 30 years for Production of

Child Pornography, [he] would not have gotten an actual [l]ife sentence and, with his absence of any Criminal History, he would not likely have been designated to a dangerous and potentially lethal [Penitentiary]." *Id.*

Even assuming counsel had misadvised Roberts of the potential sentence he would have faced had he gone to trial, Roberts has failed to show that his counsel's misstatements resulted in prejudice. The Plea Agreement set forth the maximum penalties Roberts faced, and at the plea hearing, the Court specifically advised him of the penalties he faced with respect to each count, which he confirmed he understood. Thus, Roberts has failed to set forth reasonable grounds for the Court to believe that he would have gone to trial and not pled guilty had counsel correctly advised of the maximum penalties. *See Frausto*, 754 F.3d at 643.

**D. Ground 4**

In Ground 4 of his Motion, Roberts asserts that he was denied effective assistance of counsel, in that counsel did not properly investigate the charges against him, and misadvised him to plead guilty to all the charges. Specifically, Roberts alleges the following. Counsel did not properly investigate who the unknown minor was, and counsel "never explained that having two charges of Production of Child Pornography rather than one was technically prejudicial." "Instead [c]ounsel just told [him] to plead guilty, as acquiescently as possible, to charges [counsel] had never investigated saying that [he] would get the mandatory minimum sentence of 15 years." "Movant instead received a 20 year sentence." (Motion at 11.)

Roberts has not provided the Court with any reason to believe that evidence related to the unknown victim's identity would have aided in his defense. *See Hill*, 474 U.S. at 59. In addition, at the plea hearing Roberts confirmed under oath that he had committed the acts described in the Plea Agreement, including those acts that related to the unknown victim, *see*

8

*Smith*, 921 F.2d at 157, and the Court specifically advised him of the penalties he faced with respect to each count. Furthermore, Roberts confirmed that no one had "made any promises or assurances" to him outside the scope of the Plea Agreement, and that he was pleading guilty "of [his] own free will." For these reasons, Roberts has failed to show that he would have gone to trial and not pled guilty absent counsel's alleged errors.

### E. Ground 5

In Ground 5 of his Motion, Roberts asserts that he was denied effective assistance of counsel, in that counsel did not hire an expert witness. Specifically, Roberts alleges that counsel failed to obtain an expert witness who would have corroborated his claim that he "intentionally did not exert any diligence in evading the police because he knew viewing those images was wrong" and he wanted to be caught. (Motion at 11-12.)

Roberts has not provided the Court with any reason to believe that evidence of his desire to get caught by law enforcement would have aided his defense. In addition, where a petitioner alleges ineffective assistance of counsel based on counsel's alleged failure to consult an expert witness, the Court "requires evidence of what [the] expert would have stated at trial in order to establish *Strickland* prejudice." *Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010) (internal quotation and citation omitted). Roberts has failed to present such evidence.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jeffrey A. Roberts's amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 55) is **DENIED**, and that his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

9

**IT IS FURTHER ORDERED** that because Roberts cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 25th day of September, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE